# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL LETOURNEAU,<br><br>        Defendant. | Case No. 11 CR 182<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' Motions *in Limine*. For the reasons stated herein, the Motions are granted in part and denied in part.

## I. FACTUAL BACKGROUND

The Court presumes familiarity with its February 14, 2013 Opinion and provides only a brief factual history here. On March 3, 2011, Defendant Michael Letourneau (hereinafter, "Letourneau" or "Defendant") was indicted for bankruptcy fraud in violation of 18 U.S.C. § 157(2). The indictment alleges that Letourneau filed for bankruptcy for the sole purpose of invoking an automatic stay to prevent the foreclosure of his property in Bannockburn, Illinois. It alleges that Letourneau effectuated an involuntary bankruptcy by listing three of his friends as creditors when, in fact, he was not indebted to those individuals.

On March 3, 2011, Letourneau was arraigned, pleaded not guilty, and released on bond. On August 29, 2012, he filed a motion seeking to admit reverse 404(b) evidence, which the Court granted. The reverse 404(b) evidence relates to a pattern of criminal conduct by two individuals, Gilfert Jackson ("Jackson") and Muhammed Khan ("Khan"). Letourneau claims he sought the assistance of Jackson and Khan in 2009 to help him prevent the foreclosure of his home. He also claims that during discovery in this case, he learned that the FBI has investigated (and indicted) Jackson and Khan and recovered documents bearing Letourneau's name.

Trial is set for August 12, 2013. Currently before the Court are both parties' additional Motions *in Limine*.

## II. <u>LEGAL STANDARD</u>

Judges have broad discretion when ruling on motions *in limine*. *See, Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, evidence may be excluded only when it is inadmissible on all potential grounds. *United States v. Caputo*, 313 F.Supp.2d. 764, 767-68 (N.D. Ill. 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

# III.  ANALYSIS

## A.  Government's Motions *in Limine*

The Government seeks to prohibit Defendant from introducing evidence of (1) inadmissible hearsay; (2) jury nullification; and (3) the victim's negligence or misconduct.

### 1.  *Inadmissible Hearsay*

The Government moves to preclude Letourneau from introducing inadmissible hearsay through FBI Special Agent Amy Oakes ("Oakes"), the FBI agent assigned to the investigation of Gilfert Jackson. The Government argues that Agent Oakes' testimony will consist of "background" testimony relating to the investigation in California and thus will consist of inadmissible, irrelevant hearsay. The Government further submits that it will stipulate to the one area of testimony of which Agent Oakes has personal knowledge. That is, the recovery of a document bearing Letourneau's name that was found in the office of Mohammed Khan.

Letourneau responds by asking the Court to reserve ruling on the admissibility of Oakes' testimony until trial. He states that Oakes assisted in recovering multiple documents with Letourneau's name and claims that these documents will reveal that his involuntary bankruptcy was filed by Jackson and Khan in California and then faxed to the Lake County Sheriff's department. Letourneau argues that this evidence is relevant to his lack of intent.

The Court is familiar with the Rules of Evidence and the "course of investigation exception" to the hearsay rule. *See, Jones v. Basinger*, 635 F.3d 1030, 1046 (7th Cir. 2011) ("the course of investigation exception is most readily applied to admit only those brief out-of-court statements that bridge gaps in the trial testimony that would otherwise substantially confuse or mislead the jury."). Because at this juncture the Court is unaware as to the exact testimony Agent Oakes will provide, the Court declines to rule whether her testimony is admissible. Accordingly, the Court will reserve ruling on the issue until trial. The Court notes that Letourneau should familiarize himself with the "course of investigation" exception to the hearsay rule prior to trial and should limit his questioning to only those issues relevant to his defense. The Court will not tolerate any attempt to confuse the jury or create an undue delay. *See*, FED. R. EVID. 403.

### *2. Jury Nullification*

The Government also moves to exclude any evidence of jury nullification. Specifically, the Government asks the Court to prohibit evidence concerning (1) the needs of Letourneau's family; (2) the Government's motivation for prosecuting Letourneau; (3) non-pertinent personality traits regarding Letourneau's character; and (4) Letourneau's Use of the "Golden Rule Argument." Govt.'s Mots. *in Limine* at 8. Letourneau submits that he will not mention the consequences relating to a conviction or prison sentence, but

states that evidence regarding the prospective loss of his home is relevant to his state of mind.

Jury nullification occurs when a jury disregards the law and the judge's instructions as to the law and acquits a criminal defendant who is guilty. The Seventh Circuit instructs that "[n]either the court nor counsel should encourage jurors to exercise [nullification] power" and the Court may preclude defense attorneys from any attempts to present evidence or argument of nullification. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). Accordingly, the Court grants the Government's Motion to Preclude any Evidence or Argument Designed to Elicit Jury Nullification. This includes any evidence or argument relating to the needs of Letourneau's family, the Government's motivation in prosecuting the case, Letourneau's non-pertinent character traits and evidence that the jury should place itself in the Letourneau's shoes. *See, United States v. Rainone*, No. 09-CR-206, 2013 WL 389004 at *1000 (N.D. Ill. Jan. 13, 2013) (precluding evidence regarding a defendant's family that is intended to invoke sympathy and precluding evidence regarding the Government's motivation for prosecuting the case); *United States v. Dochee*, No. 08-CR-108-4, 2013 WL 102986 at *1 (excluding any evidence of a defendant's propensity for lawfulness other than what is permitted under Federal Rule of Evidence 405); *United States v. Roman*, 492 F.3d

803, 805-06 (7th Cir. 2007) (precluding evidence or argument relating to the "Golden Rule").

That said, the Court acknowledges that evidence relating to the foreclosure or potential foreclosure of Letourneau's home may be relevant if and when Defendant presents his reverse 404(b) evidence. While the Court notes that this evidence cannot be introduced to invoke sympathy, the Court declines to rule prematurely on whether such evidence is admissible in the context of the 404(b) evidence. Instead, the Court reserves ruling until trial. *See, United States v. Andreas*, 23 F.Supp.2d 835, 854 (N.D. Ill. 1998).

### *3. Victim's Negligence or Misconduct*

The Government also moves to preclude evidence or argument regarding Letourneau's lender's misconduct or negligence. The Government anticipates that Letourneau may attempt to blame the lender for engaging in inappropriate lending and foreclosure practices. The Seventh Circuit has held repeatedly that "the perpetrator of a fraud may not defend himself by blaming the victim . . . " *United States v. Serfling*, 504 F.3d 672, 679 (7th Cir. 2007) citing *United States v. Coffman*, 94 F.3d 330, 333-34 (7th Cir. 1996). Accordingly, the Court finds any evidence or argument relating to Letourneau's lender's negligence inappropriate and grants the Government's Motion.

## B. Letourneau's Motion *in Limine*

Letourneau has filed a motion seeking to bar the Government from introducing evidence that Letourneau failed to file tax returns and bar the Government from presenting evidence that Letourneau submitted false information on a loan application. The Government responds that it does not intend to use this evidence in its case-in-chief. Instead, the Government states that it will only use this evidence if Letourneau chooses to testify or chooses to present witnesses in his defense. Because of this, the Government asks the Court to deny Letourneau's motion without prejudice and reserve ruling until trial. While the Court agrees that this is the best course of action at this time, it notes that Letourneau's arguments surrounding Federal Rule of Evidence 608(b) are misplaced.

"Federal Rule of Evidence 608(b) is a rule of limited admissibility. Other than certain criminal convictions allowed into evidence by FRE 609, a witness's specific instances of conduct may only be raised on cross-examination if they are probative of truthfulness or untruthfulness." *United States v. Manske*, 186 F.3d 770, 774 (7th Cir. 1999). The Seventh Circuit has affirmed a district court's finding that failing to file federal income tax returns is probative of truthfulness under Rule 608(b). *See, United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993). Thus, while the Court declines to rule on the admissibility of such

evidence at this time, the Court encourages Letourneau to review Rule 608(b) and the relevant Seventh Circuit precedent prior to trial.

### IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. The Government's Motions *in Limine* [ECF No. 55] are granted in part and denied in part without prejudice; and

2. Defendant Michael Letourneau's Motion *in Limine* [ECF No. 59] is denied without prejudice.

**IT IS SO ORDERED.**

                                   Harry D. Leinenweber, Judge
                                   United States District Court

Date: July 24, 2013